United States District Court
Southern District of Texas
**ENTERED**
February 23, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT RANDALL LONG, | § | |
|     *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-CV-03656 |
| | § | |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director of the Texas Department of | § | |
| Criminal Justice - Correctional | § | |
| Institutions Division, | § | |
|     *Respondent*. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Robert Long, a Texas state inmate, filed a petition for a writ of habeas corpus alleging that the State of Texas violated his rights to a speedy trial and due process. Dkt. 1. The matter was referred to this magistrate for report and recommendation. Dkt. 3. Respondent filed a motion to dismiss the petition. Dkt. 17. After reviewing the record, the Court recommends that the petition be dismissed without prejudice for failure to exhaust state remedies.

### BACKGROUND

Long filed his habeas petition on November 15, 2015, challenging his pretrial detention. Dkt. 1 at 11. On February 11–12, 2016, a jury convicted Long of theft and sentenced him to life imprisonment. *See* Dkt. 17-3 at 2. Long's direct appeal of this conviction is now pending before the Fourteenth Court of Appeals of Texas. *See* Dkt. 17-4 at 2.

### ANALYSIS

In a recent decision, the Fifth Circuit held that 28 U.S.C. § 2254 applies to a habeas application filed before the petitioner was in custody pursuant to a state court judgment, so long as the petitioner is in such custody at the time the petition is considered. *Hartfield v. Osborne*, 808 F.3d 1066, 1071–72 (5th Cir. 2015). Although Long filed his petition while awaiting trial, he

has since been convicted and sentenced by a jury. Thus, Long is now held in custody pursuant to a state court judgment, and § 2254 governs his petition.

Under § 2254(b), a petitioner must exhaust available state remedies before seeking federal habeas relief unless: (1) there is an absence of available State corrective process; or (2) circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1)(B). To properly exhaust state remedies, the petitioner must present his claims to the highest state court in a procedurally correct manner. *See Richardson v. Procunier*, 762 F.2d 429, 431–32 (5th Cir. 1985).

The Texas Court of Criminal Appeals has not had an opportunity to consider Long's arguments. Long has not, therefore, exhausted available state remedies. Long also has not demonstrated that an exception to the statutory exhaustion requirement applies here. The Court must dismiss the petition because the requirements of § 2254(b) have not been satisfied.

## CONCLUSION

For these reasons, the Court recommends that Long's petition be dismissed without prejudice for failure to exhaust state remedies. All remaining motions should be terminated as moot. The Court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas, on February 23, 2016.

Stephen Wm Smith
United States Magistrate Judge